FILED & JUDGMENT ENTERED
David E. Weich

Oct 27 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In Re:                            )
                                  )    Case No. 04-32325
**PAULA PEARCE GRIFFIN**          )    Chapter 13
**KEITH WESLEY GRIFFIN,**         )
                                  )
          Debtors.                )
_____)

### ORDER DENYING MOTION TO MODIFY

This matter is before the court on the Motion of Trustee to Modify Plan. In his motion to modify, the Trustee seeks to increase the female debtor's plan payments pursuant to 11 U.S.C. § 1329 to require the payment of up to the value of $250,000 in life insurance proceeds that the female debtor has received or will be entitled to receive. The issue before the court is whether the doctrine of res judicata bars the post-confirmation modification sought by the Trustee. Having considered the pleadings and the arguments of counsel, the court denies the Trustee's motion to modify and finds that modification of the female debtor's Chapter 13 plan is barred by the doctrine of res judicata. Although she has experienced an unanticipated change

in her post-confirmation financial condition, it has not been a substantial one.

## Background

1. The debtors filed a Chapter 13 petition with this court on July 2, 2004. The court entered the Order Confirming Plan on November 2, 2004, which provides that the debtors will make payments to the Trustee in the amount of $2,300 per month for a period of 51 months, resulting in a 27% dividend to unsecured creditors. The payments were based on the value of the debtors' assets at the time of the filing.

2. The debtors maintained their plan payments for several years until the male debtor died suddenly on March 9, 2008. At the hearing on this matter, the Trustee indicated that as it currently stands, the plan is approximately $7,000 short of paying a 27% dividend to unsecured creditors.

3. Prior to the time of his death, the male debtor operated Delta-Wye Electric Company, an electrical contracting business, as a sole proprietorship. The debtors' Schedule I indicated that the male debtor earned a total monthly income of $3,357, which accounted for approximately two-thirds of the family's income.

4. The female debtor was the office manager and accountant for the family business, and the debtors' Schedule I reflects that the female debtor earned a total monthly income of

$2,984.98. However, when the male debtor passed away, the electrical contracting business ceased, leaving the female debtor unemployed.

    5.    The female debtor is currently receiving income from Social Security in the amount of approximately $3,000 per month. She is seeking employment but has little formal job training. In that regard, the female debtor testified at the hearing on this matter that she had been accepted to take college courses so that she may obtain a teaching certificate. The female debtor anticipates she would earn approximately $1,000 per month as a teacher if she receives the necessary certification.

    6.    The female debtor has three children ages 10, 12, and 19, all of whom are dependent on her for support. The 19-year-old is a full time college student.

    7.    When the male debtor passed away, he had a life insurance policy on his life with a face value of $250,000. The female debtor is the beneficiary of that policy.

    8.    In his motion to modify, the Trustee seeks to have the court modify the female debtor's Chapter 13 plan pursuant to 11 U.S.C. § 1329(a) to require the payment of up to the value of the $250,000 in life insurance proceeds to the female debtor's unsecured creditors. In support of his motion, the Trustee argues that the proceeds constitute property of the female debtor's Chapter 13 bankruptcy estate pursuant to § 1306(a) and

3

the prior decisions of this court. In addition, in his motion to modify, the Trustee asserts that "the female debtor's receipt or entitlement to receipt of the insurance proceeds was an event that could not reasonably have been anticipated by the trustee or the unsecured creditors at confirmation, and therefore represents cause for modification of the confirmed plan." Finally, at the hearing on this matter, the Trustee indicated that such a modification would require the female debtor to pay an additional $135,000 into the Chapter 13 plan.

9.  The female debtor agrees with the Trustee to the extent that the male debtor's passing was unanticipated but objects to the Trustee's motion on the basis that her situation has worsened as a result. The female debtor argues that the family income has decreased significantly, and the insurance benefits serve to compensate the family for the loss of present and future income occasioned by the male debtor's passing.

## Discussion

10. The issue for consideration by this court is whether the doctrine of <u>res judicata</u> bars the post-confirmation modification of the female debtor's Chapter 13 plan by increasing her monthly payments. Post-confirmation modification of a Chapter 13 plan is controlled by 11 U.S.C. § 1329, which generally provides that at any time after confirmation of the plan, the debtor, the trustee, or an unsecured creditor can

4

request that the plan be modified to increase or reduce the amount of payments to a class of creditors.[1] In re Arnold, 869 F.2d 240 (4th Cir. 1989) and In re Murphy, 474 F.3d 143 (4th Cir. 2007) are the controlling authority in the Fourth Circuit with respect to post-confirmation modifications in Chapter 13 cases.

11.  In Arnold, the Fourth Circuit considered whether the bankruptcy court abused its discretion by increasing the debtor's monthly payments from $800 to $1,500 and extending the payment period from 36 to 60 months after the debtor's post-confirmation income increased from $80,000 per year to more than $200,000 per year. See Arnold at 241. The Fourth Circuit held that the bankruptcy court did not err in increasing the debtor's payments pursuant to § 1329(a) given the unanticipated and substantial change in the debtor's financial condition following confirmation of the Chapter 13 plan. See id.

12.  The Arnold case set forth the analysis bankruptcy courts in the Fourth Circuit should use when considering a modification pursuant to § 1329. In essence, the Arnold court held that the doctrine of res judicata may bar modifications to a confirmed Chapter 13 plan unless the party seeking modification demonstrates that the debtor has experienced a

---

[1] Pursuant to §§ 541 and 1306 of the Bankruptcy Code, the female debtor's inheritance is property of the estate. See In re Parker, Case No. 91-10174 (Bankr. W.D.N.C. 1992).

5

"substantial" and "unanticipated" change in their post-confirmation financial condition. See id. at 243. A change is unanticipated if the debtor's present financial condition could not have been reasonably anticipated at plan confirmation. See id.

13. In a more recent case addressing post-confirmation modification of Chapter 13 cases, In re Murphy, 474 F.3d 143 (4th Cir. 2007), the Fourth Circuit strongly reaffirmed its decision in Arnold. Murphy involved two different cases in which the Chapter 13 Trustee sought to modify confirmed Chapter 13 plans to increase the amount to be paid to unsecured creditors. The Fourth Circuit combined the cases for decision but set forth the facts, procedural history, and its conclusions of law separately.

14. In the first part of its opinion, the court considered the case of Stanley and Doris Goralski. The Chapter 13 Trustee sought to modify the Goralskis' confirmed Chapter 13 plan after the bankruptcy court entered an order allowing the Goralskis to refinance the mortgage on their residence. As part of the refinance, the Goralskis received some of the equity in their residence in cash in exchange for a corresponding amount of debt. The refinance was necessitated by the fact that Mr. Goralski's income had been cut in half, making it difficult for the debtors to make their plan payments while also paying their

6

ordinary and necessary living expenses. In their motion to modify, the Goralskis proposed to pay all remaining payments pursuant to the confirmed plan. See Murphy at 145-146.

15. In the case of the Goralskis, the Fourth Circuit affirmed the district court and the bankruptcy court and held that the doctrine of res judicata prevented modification of the Goralskis' confirmed plan pursuant to §§ 1329(a)(1) or (a)(2) because they had not experienced a substantial change in their financial condition. See id. at 151. In support of its holding, the court reasoned as follows:

> All the Goralskis did was to eliminate a portion of their equity in the property for cash in exchange for a corresponding amount of debt. Thus, even when one considers that the Goralskis' residence appreciated in value post-confirmation, at most, they simply received a large loan in place of a small one. By any stretch, a loan, regardless of the size, is not income. The apparent increase in their balance sheet was offset by the amount of the loan, resulting in virtually no change to their financial condition.

See id. at 150.

16. In the case of Murphy, the Trustee moved to modify the debtor's confirmed plan to capture a portion of the proceeds Murphy had received from the sale of his condominium. See id. at 152. When Murphy filed his case, he listed the value of the condominium as $155,000. However, he subsequently sold it for $235,000 — a 51.6% increase in value. The court found that by selling his condominium, Murphy received a significant amount of readily available cash without any corresponding debt.

7

Therefore, the court held that Murphy had experienced a substantial and unanticipated change in his post-confirmation condition such that the doctrine of res judicata did not prevent the modification of his confirmed plan pursuant to § 1329. See id.

17. The court believes that the female debtor's financial condition is analogous to that of the Goralskis and based on the reasoning of the Murphy court, this court holds that the doctrine of res judicata bars the modification of the female debtor's confirmed plan. Therefore, the Trustee's motion to modify is denied.

18. The female debtor concedes, and the court agrees, that she has experienced an unanticipated change in her post-confirmation financial condition. However, the change has not been a change for the better and could not be characterized as substantial. As with the Goralskis, the apparent increase in the female debtor's balance sheet due to the influx of life insurance proceeds is more than offset by the loss of income occasioned by the sudden passing of her husband. She has unexpectedly become a single mother responsible for raising three children with less than half the income she had before her husband died. And although strictly speaking the female debtor has not incurred any debt or taken out a loan in exchange for the cash, as did the Goralskis, the loss of her husband's

Document      Page 9 of 10

present and future income is comparable. She has simply traded one set of financial circumstances for another and, in reality, she is no better off financially.

19. In support of his motion, the Trustee generally referenced prior decisions of this court. Those cases are distinguishable because there the life insurance proceeds were a pure windfall to the debtors. See, e.g. In re Parker, Case No. 91-10174 (Bankr. W.D.N.C. 1992). In this case, however, the female debtor's income was tied to the family business and to the male debtor's income such that upon his death, she became unemployed. Suddenly her income decreased by about 50% yet her financial obligations remain the same. She continues to be responsible for making her plan payments while also paying her ordinary and necessary living expenses, which include supporting three children. Presumably the life insurance proceeds will enable her to do that.

20. In conclusion, because the debtor's financial condition has not improved substantially, the court has determined that there is no basis for modifying her Chapter 13 plan. Consequently, the Trustee's motion to modify should be denied.

21. Finally, the Chapter 13 Trustee is holding approximately $60,000 in escrow, which funds represent the net proceeds from the court-approved sale of property located at

2040 Wilshire Court, Concord, North Carolina. Consistent with this Order and with the needs of the plan, the Chapter 13 Trustee is directed to pay those proceeds over to the female debtor.

It is therefore **ORDERED** that the Motion of Trustee to Modify Plan is **DENIED.**

**This Order has been signed electronically.**      **United States Bankruptcy Court**
**The Judge's signature and court's seal**
**appear at the top of the Order.**